# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

MARIA BERRIOS-GONZALEZ, on behalf of her minor son EBB,

Plaintiffs,

v.

HOSPITAL MENONITA GUAYAMA, INC., et al.,

Defendants.

CIVIL NO. 22-1069 (HRV)

## OPINION AND ORDER

### I.   INTRODUCTION

Before the Court is defendants' motion *in limine* to exclude the testimony of plaintiffs' expert witness, Dr. Robert J. Lerer (hereinafter "Dr. Lerer"). (Docket No. 40). The plaintiffs have filed a response in opposition. (Docket No. 41). For the reasons set forth below, the motion *in limine* is DENIED.

### II.   BACKGROUND

This is a medical malpractice action brought by plaintiff Maria Berrios-Gonzalez on behalf of her minor son. Jurisdiction is premised on diversity of citizenship. The complaint alleges in general that as a result of defendants' negligence in providing adequate medical care to plaintiff and her minor son EBB during the birth, the child suffered severe injuries, including a diagnosis of cerebral palsy and developmental delay.

Specifically, the plaintiffs allege that the defendants breached their duty of care in the handling of a hypoglycemia episode suffered by the baby.

On June 30, 2023, the parties informed the Court that discovery had been completed. (Docket No. 34). Given the parties' representations and the fact that settlement appeared unlikely, the Court set deadlines for dispositive motions, and motions *in limine*, as well as a deadline for the filing of the proposed pretrial memorandum. (*Id*). A pretrial conference was scheduled for December 18, 2023, and trial is currently set to begin on March 15, 2024. (*Id*).

On September 8, 2023, defendants moved the Court to exclude the testimony of Dr. Lerer arguing that the disclosure of said rebuttal opinion expert is untimely. (Docket No. 40). Further, defendants complain that due to said late disclosure, they will be prejudiced and unduly burdened, particularly because they have not been able to depose him, or "provide a rebuttal to his opinions." (*Id*. at 2). The plaintiffs responded on September 12, 2023, claiming (1) that the defendants themselves submitted the report of their expert late; (2) that the need to rebut arose only after plaintiffs received said late report; and (3) that Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure allows the proposed rebuttal expert because disclosure has occurred more than 90 days in advance of the trial date. (Docket No. 41).

### III.   APPLICABLE LAW AND DISCUSION

Pursuant to Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure, an expert witness and his or her report must be disclosed "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Absent stipulation or a court order, expert testimony "intended solely to contradict or rebut evidence on the same subject matter identified by another party" must be disclosed "within 30 days after the other party's

disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii).  The case management order in this case, as well as other scheduling orders are silent as to expert rebuttal evidence.  Therefore, the default 30-day rule in subsection (ii) is applicable. *See Casillas v. Triple S Vida, Inc.*, Civil No. 16-2564 (PAD), 2018 U.S. Dist. LEXIS 11723; 2018 WL 3414142 (D.P.R., July 11, 2018).

There is no dispute that Dr. Lerer's report, which I have reviewed because it was attached by defendants to Docket No. 40, is truly a rebuttal report.  It does not introduce new opinions or subjects.   It purports to contradict the defendants' expert, Dr. Rubenstein, as to the matter of life expectancy and care plan.   On the other hand, the fillings of the parties do not allow me to clearly understand the timing.  Dr. Lerer's report was apparently disclosed on August 17, 2023.  Discovery in this case closed on June 6, 2023. (*See* Dockets Nos. 33 and 34).  The plaintiffs argue in their response to the motion *in limine*, that the defendants themselves were late in their disclosure of their expert report.  But a date is not provided for me to assess if Dr. Lerer's report falls within the 30-day default rule.

Notwithstanding the above, even if untimely, I will not exclude Dr. Lerer's report.  Under Rule 37(c)(1), exclusion is the appropriate sanction for a party's failure to adhere to the expert disclosure requirements. Fed. R. Civ. P. 37(c)(1)[1]; *see also Lohnes v. Level 3 Communs., Inc.*, 272 F.3d 49, 60 (1st Cir. 2001).  But Rule 37 contains a scape hatch provision.  If the failure to timely disclose is "substantially justified or harmless", the

---

[1] "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).

Court may allow the use of the untimely evidence. Fed. R. Civ. P. 37(c)(1); *Zampierollo-Rheinfeldt v. Ingersoll-Rand De P.R., Inc.*, 999 F.3d 37, 47 (1st Cir. 2021).

I find that allowing Dr. Lerer's testimony, even if disclosure is untimely as alleged, is both justified and harmless. The defendants have not disputed the claim that their own expert report was late or that the plaintiffs' need to rebut arose after such late disclosure. Further, the record does not reveal any prejudice to the defendants. The rebuttal evidence was submitted more than six months before trial is set to begin. Defendants have sufficient time to prepare to confront said evidence. "When a disclosure reasonably appraises a party of an expert's expected testimony, the risk of unfair surprise is reduced and preclusion is unnecessary." *Ortiz v. Toro Verde Eco Adventure Park*, Civil No. 19-1972, 2023 U.S. Dist. LEXIS 169716 at *10-11; 2023 WL 6201396 (D.P.R. Dec. 22, 2023)(citing *Saucedo v. Gardner*, 2018 U.S. Dist. LEXIS 35175, 2018 WL 1175066 at *3 (D.N.H. Mar. 5, 2018)).

### IV. CONCLUSION

In view of the above, the defendants' motion *in limine* to exclude Dr. Lerer's testimony is DENIED.

**IT IS SO ORDERED**

In San Juan, Puerto Rico this 8th day of November, 2023.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE